# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2726 | **DATE** | 4/16/2012 |
| **CASE TITLE** | John Joseph Otrompke vs. Lisa Madigan, et al | | |

**DOCKET ENTRY TEXT**

Written Opinion. Plaintiff John J. Otrompke is the subject of an order of protection issued by the Circuit Court of Cook County in July 2009. In this lawsuit, Plaintiff seeks a declaratory judgment that the Illinois statutory provisions governing the issuance of such orders is unconstitutional. Because Plaintiff's complaint does not state a federal or constitutional claim, the complaint, in its current form, will be dismissed. Mr. Otrompke has leave to file an amended complaint within 21 days, but is cautioned that this court lacks jurisdiction to review state court determinations, and sees no basis for the conclusion that anything about the procedures leading to orders of protection violates the Constitution. (For further details see minute order.)

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Plaintiff John J. Otrompke is the subject of an order of protection issued by the Circuit Court of Cook County in July 2009. In this lawsuit, Plaintiff seeks a declaratory judgment that the Illinois statutory provisions governing the issuance of such orders is unconstitutional. Otrompke made an unsuccessful effort to reopen the proceeding in 2010, but in this case he is not challenging the existing order of protection, which will expire in 2013. (Complaint, ¶¶ 35, 41, 55, 64.) He is not asking for a preliminary injunction and seeks no relief at all from Defendant Clara Takarabe, the petitioner who (allegedly in bad faith) obtained an order of protection against Plaintiff, despite the fact that he believes he "may already have lost business" (he does not say what kind) as a result of her "sickening false allegations." (*Id.* ¶¶ 47, 48, 62, 63.) The remaining Defendants–the Illinois Attorney General, the Chief Judge of the Circuit Court of Cook County, and the Presiding Judge of the Domestic Violence Division of the Circuit Court–are sued in their official capacity only and in any event are immune from civil liability for damages for any actions taken in their official capacity.

The allegations of a *pro se* litigant are reviewed liberally, but Mr. Otrompke has offered no basis for his conclusion that the procedures in Circuit Court are unconstitutional. The only allegations he offers to support that conclusion are his statements that

> On information and belief, no male judges, or few male judges, sit in the Cook County Domestic Violence Court, or hear cases in the domestic violence court, and the local Democratic Party has instituted an explicit or implicit policy of discriminating in favor of female judges in the county Domestic Violence court.
>
> As a consequence, the aforesaid laws and phenomenon result in judicial findings which are likely to be factually unreliable and untrue, comparable to a polygraph test.

As a result of the balance of the procedural circumstances and other laws and phenomenon, a petitioner need not really supply more than 50% of the evidence in a case like this. (Complaint, ¶¶ 14-16.) The fact, if it is true at all, that there is a disproportionate number of women judges in Domestic Violence Court (whatever that may mean) obviously does not lead to the "consequence" of "judicial findings which are likely to be factually unreliable and untrue." Plaintiff offers no other basis for his belief that the Illinois courts enter judicial findings of abuse "with as little as 35% of the evidence," (Complaint, ¶ 17), let alone a basis for concluding that the state's decision to require only a modest showing to support relief somehow implicates the United States Constitution.

As noted, Mr. Otrompke does not seek any relief from the existing order of protection, and any such challenge would be barred by the *Rooker-Feldman* doctrine. If a litigant is injured by a state court judgment, this court lacks jurisdiction to review it, "even if the state court judgment was erroneous or unconstitutional." *Cf. Edwards v. Illinois Board of Admissions to the Bar,* 261 F.3d 723, 729 (7th Cir. 2001) (internal citations omitted). Moreover, Plaintiff has not alleged how he was harmed by the state judgment. He asserts that licensing bodies "may sometimes use Orders of Protection" as a basis for denial of a license (Complaint ¶ 22), but does not suggest he himself has ever been denied a license. He points out, further, that he has never been arrested or prosecuted and has traveled throughout the United States and abroad, apparently with no difficulty. (Complaint ¶¶ 54, 56, 57.)

Because Plaintiff's complaint does not state a federal or constitutional claim, the complaint, in its current form, will be dismissed. Mr. Otrompke has leave to file an amended complaint within 21 days, but is cautioned that this court lacks jurisdiction to review state court determinations, and sees no basis for the conclusion that anything about the procedures leading to orders of protection violates the Constitution.

*Rebecca R. Pallmeyer*

12C2726 John Joseph Otrompke vs. Lisa Madigan, et al

Page 2 of 2